IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO BONILLA-PEREZ,

    Plaintiff,

        v.

CITIBANK NA, INC., ET AL.,

    Defendants.

Civil No. 12-1283 (SEC)

**OPINION AND ORDER**

Before the Court are the plaintiff's motion to remand to state court (Docket # 12), and the defendants' opposition thereto (Docket # 15). After reviewing the filings and the applicable law, the plaintiff's motion is **GRANTED**.

**Factual and Procedural Background**

This is a putative diversity action to recover damages stemming from the defendants' alleged discriminatory acts against the plaintiff, Julio Bonilla-Perez ("Bonilla"). A succinct introduction to the facts of this case suffices to set the stage for the analysis.

Bonilla, who had worked for the co-defendant Citibank N.A's Puerto Rico Branch ("Citi") for seventeen years, alleges that Citi discriminated against him because of his age. The other defendants are Fernando Guzman, Citi's "Operations Manager of the Documentation, Collateral and Custody Area," Leila Mercado, Bonilla's supervisor, and Magalys Camacho, Citi's Human Resources Manager (collectively, the "Individual Defendants"). As particularly relevant here, Bonilla and the Individual Defendants are citizens of Puerto Rico, while Citi, whose main office is located in North Dakota, is a citizen of that state for § 1348 purposes.[1]

---

[1] See 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); Wachovia Bank v. Schmidt, 546 U.S. 303, 307 ( 2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is

**CIVIL NO. 12-1283 (SEC)** **Page 2**

According to the complaint, the defendants engaged in a "pattern of harassment . . . against employees who were older and had more seniority, among which was [Bonilla]." Docket # 3-1, ¶ 9. Such discriminatory acts, Bonilla maintains, culminated in his illegal dismissal on July 8, 2011. On March 16, 2012, Bonilla filed a complaint against the defendants in Puerto Rico state court, couching his claims (1) on The Puerto Rico Anti-Discrimination Act ("Law 100"), P.R. Laws Ann. tit. 29, §146 (prohibiting, <u>inter alia</u>, age discrimination); and alternatively, on (2) Puerto Rico Law 80, P.R. Laws Ann. tit. 29, § 185a et seq. (wrongful termination); and (3) Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142.

In removing the case to this court, Citi contends that "but for the fraudulent joinder of [the Individual Defendants] complete diversity exists and the jurisdictional amount is satisfied." Docket # 1, p. 12. Bonilla, meanwhile, timely moved to remand to state court, arguing that, because the defendants satisfy neither the complete diversity requisite nor the statutory jurisdictional amount, <u>see</u> 28 U.S.C. § 1332(a), removal had been improper. Docket # 12. Bonilla's principal ground for remanding this case to state court is absence of complete diversity of citizenship. He maintains that the Individual Defendants were not fraudulently joined, as he has a "reasonable basis for a claim against these defendants" under [Law] 100." <u>Id.</u>, p. 4 .

**Standard of Review**

A motion to remand usually presents a question of federal subject matter jurisdiction. <u>See</u> <u>BIW Deceived</u> v. <u>Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.</u>, 132 F.3d 824, 830 (1st Cir.1997). Congress has crafted the statutory framework for removal, providing "that a defendant may remove a civil action from a state court to a federal court sitting in that state only if the federal court has "original jurisdiction" over the action." <u>Samaan</u> v. <u>St. Joseph</u>

located.").

**CIVIL NO. 12-1283 (SEC)**  Page 3

Hosp., 670 F.3d 21, 27 (1st Cir. 2012) (quoting 28 U.S.C. § 1441(a)); Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 767 (1st Cir.2011). The removal of a diversity case by an in-state defendant, however, offends 28 U.S.C. § 1441(b), which provides that unless the suit is one "arising under" federal law, removal is permitted only if "none of the . . . defendants is a citizen of the State in which such action is brought."

It is well settled that the burden of proof on jurisdiction lies with the party seeking removal. E.g., Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2011) (citing BIW Deceived 132 F.3d at 831), cert. denied, 132 S. Ct. 1969 (2012). Because removal statutes are narrowly construed against removal, e.g., Esposito v. Home Depot U.S.A., 590 F.3d 72, 76 (1st Cir. 2009) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)), and because of the crucial federalism concerns at play, any ambiguities "as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal." Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 11 (1st Cir. 2004). When the parties clash about jurisdiction, therefore, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." Junk v. Terminix Int'l Co., Ltd. P'ship., 628 F.3d 439, 446 (8th Cir. 2010) (citation omitted), cert. denied, 132 S. Ct. 94 (2011); accord, e.g., Sheehan v. Broadband Access Services, Inc., No. 12–404–ML, 2012 WL 3871522, at * 2 (D.R.I. Sept. 6, 2012) (to be published in F.Supp.2d); Padilla-Gonzalez v. Local 1575, Int'l Longshoremen's Ass'n, 635 F.Supp.2d 105, 112 (D.P.R. 2009).

**Applicable Law and Analysis**

"*Fraudulent Joinder*"

As stated previously, the defendants contend that the Individual Defendants, who, as Puerto Rico residents would destroy complete diversity of citizenship, see Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 553 (2005), were "fraudulently joined" in order to deprive Citi of its removal rights. The joinder was fraudulent, they say, because "under applicable

**CIVIL NO. 12-1283 (SEC)**                                                                                                                                     **Page 4**

Puerto Rico law, individual liability cannot attach for the damages allegedly arising from [Bonilla's] termination of employment." Docket # 1, p. 6. For the reasons laid out below, the defendants fail to shoulder their heavy burden under this legal doctrine.

The term "fraudulent joinder" is something of a misnomer, as this legal doctrine "requires neither a showing of fraud nor joinder in one sense." 16 Moore's Federal Practice § 107.14[iv][A]. Fraudulent joinder occurs when a nondiverse defendant is joined "[s]imply to defeat removal, as might be inferred from a demonstration that the claim against that defendant had no possible merit." Walton v. Bayer Corp., 643 F.3d 994, 999 (7th Cir. 2011) (Posner, J.,); accord Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) ("[A] finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant."). Because this legal doctrine bars removal to state court, Walton, 643 F.3d at 999, courts have described it as an exception to the requirement of complete diversity. E.g., Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 763 n. 9 (7th Cir. 2009). Therefore, "[a] party fraudulently joined to defeat removal . . . is disregarded in determining diversity of citizenship." Polyplastics, Inc., 713 F.2d at 877.

The First Circuit has yet to adopt a framework for deciding fraudulent joinder cases. See Alpha Biomedical & Diagnostic Corp. v. Philips Med. Sys. Netherland BV, 828 F. Supp. 2d 425, 432 (D.P.R. 2011) (stating lack of First Circuit guidance) (citing Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-5 (D. Mass. 2001)). Nevertheless, most circuits as well as courts in this district have held that, in order to establish that an in-state defendant has been fraudulently joined, the removing party must show (1) that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court"; or (2) that "there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." 16 Moore's Federal Practice § 107.14[B] (collecting circuit case law on this point); see

also, e.g., Alpha Biomedical & Diagnostic Corp., 828 F. Supp. 2d at 432; Renaissance Mktg. v. Monitronics Int'l, Inc., 606 F. Supp. 2d 201, 208 (D.P.R. 2009).

The second formulation is not at play here: the defendants make no allegations regarding fraud. The inquiry, then, boils down to whether Bonilla can establish a valid state-law claim against the Individual Defendants (the nondiverse defendants) in state court. This, in turn, questions whether a reasonable basis exists for predicting that Bonilla might be able to establish the Individual Defendants' liability on the pleaded claims in state court. See Schur, 577 F.3d at 764-766 (finding joinder not fraudulent because court could not say that plaintiff had no reasonable possibility of success against joined defendants); Knudson v. Systems Painters, Inc., 634 F.3d 968, 977 (8th Cir. 2011) (reaffirming that the "no reasonable basis in fact and law" is the standard for determining whether defendant was fraudulently joined); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 311–312 (5th Cir. 2002) (same), reh'g and reh'g en banc denied, (5th Cir. 2003).

Two additional remarks are in order before turning to the facts of this case. First, courts have imposed a heavy burden on defendants who remove on the basis of alleged fraudulent joinder. E.g., Renaissance Mktg., 606 F. Supp. 2d at 208 ("[A] defendant seeking to prove that a co-defendant was fraudulently joined bears an extremely heavy burden." (citing Ponce Super Center, Inc. v. Glenwood Holdings, Inc., 359 F.Supp.2d 27, 30 (D.P.R. 2005)) (citing in turn Chesapeake & Ohio Rv. Co. v. Cockrell, 232 U.S. 146, 152 (1914))); see also 14B Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3723, at 841 (4th ed. 2009) (hereinafter "Wright & Miller") (collecting cases placing heavy burden on removing party). And second, a federal court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff and against the defendants. See Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810-811 (8th Cir. 2003) (finding that district court should resolve ambiguities controlling substantive law in plaintiff's favor); Rodrigues v. Genlyte

**CIVIL NO. 12-1283 (SEC)**                                                                    **Page 6**

Thomas Group LLC, 392 F. Supp. 2d 102 (D. Mass. 2005) (reasoning that legal ambiguities must be resolved in favor of plaintiff when determining whether joinder is fraudulent and that, in absence of outright fraud, the plaintiff must state only a colorable claim); see also 14B Wright & Miller § 3723, at 8450.

In the case at hand, the defendants advance a straightforward argument in support of their fraudulent joinder contention. Because individual liability under Law 100 is limited to sexual harassment acts, they reason, Bonilla cannot establish a valid state-law cause of action (age discrimination) against the Individual Defendants. Bonilla demurs, arguing that Law 100's individual liability encompasses its other protected categories, including, of course, age discrimination.

In this putative diversity case, the analysis, then, turns on the degree to which Law 100, the controlling state statute, prescribes individual liability. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). It is blackletter law that Law 100, a broad antidiscrimination statute that prohibits employment discrimination because of race, color, gender, social or national origin, social position, political affiliation, political or religious ideology and marital status, P.R. Laws Ann. tit. 29, § 146, is analogous to Title VII in most respects. E.g., Monteagudo v. Asociacion de Empleados del Estado Libre Asociado de P.R., 554 F.3d 164, 169 n. 3 (1st Cir.) (describing analogy between Law 100 and Title VII), cert. denied,130 S. Ct. 36 (2009). In a related vein, the Supreme Court of Puerto Rico has repeatedly stated that the cardinal objective of Law 100 "'[w]as to protect employees in the private sector from all types of discrimination . . . .'" Santini Rivera v. Serv Air, Inc., 1994 P.R.-Eng. 909,527, 137 P.R. Dec. 1, 4 (1994) (quoting Rodríguez Cruz v. Padilla Ayala, 125 P.R. Dec. 486, 508-09 (1990) (emphasis omitted)).

The point of embarkation to decide against whom Law 100 imposes liability is Rosario Toledo v. Distribuidora Kikuet, Inc., 151 P.R. Dec. 634 (2000) (hereinafter "Kikuet"), in which the plaintiff filed a sexual harassment complaint in state court against her employer and

**CIVIL NO. 12-1283 (SEC)**                                                                                                                                                  **Page 7**

supervisor. After analyzing Law 100's unambiguous language, the Supreme Court of Puerto Rico held that the supervisor was an "employer" under Law 100 and, consequently, "[was] liable in his personal nature for his own acts of sexual harassment." Id. at 8 (certified translation provided by the parties at Docket # 10-7). In so doing, the court rejected the defendant's reliance on decisions of this district holding that, under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000a et seq. ("Title VII"), there was no individual liability. Id. at 7; e.g., Rey-Cruz v. Forensic Sci. Inst., 794 F. Supp. 2d 329, 334 (D.P.R. 2011) (noting that the First Circuit has "[d]efinitively held that there is no individual liability under Title VII") (citing Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009)).[2] Puerto Rico's highest court reasoned:

> [Title VII] is only applicable to employers with fifteen or more employees. It is within the context of that limitation that the District Court of the United States for the District of Puerto Rico and the courts of other districts, have concluded that it would be incomprehensible to make the agents of a company liable under Title VII when from the text of the law arises the intention of the legislator of not making the employers of less than fifteen employees liable. Our legislation, that is object of examination in this case, is much more inclusive than the mentioned federal statute since it included not only every kind of employees, regardless of the amount of employees they have, but also its supervisors, officials, administrators and agents. Therefore, such decisions are not applicable to the case hand.

Kikuet, at 7 (certified translation).[3]

Here, the defendants posit that, because the "governing issue" in Kikuet was a sexual harassment complaint, its holding cannot be extended under Law 100 in contexts other than sexual harassment. Docket # 15, p. 5. They rely heavily on two cases decided by the Puerto Rico

---

[2] It is therefore no surprise that, before the Kikuet decision, most courts in this district refused to recognize individual liability under Law 100. E.g., Cordero v. AT&T, 73 F. Supp. 2d 177, 184 (D.P.R. 1999) (holding that there is no individual liability under Law 100); Santiago v. Lloyd, 33 F. Supp. 2d 99, 104-05 (D.P.R. 1998) (holding that Law 100 does not support a cause of action against individual defendants). Tersely put, Kikuet overruled this line of cases.

[3] Kikuet "[w]as later extended to include not only the actual employer or the owner and the president of the corporation, but also any other person responsible for the illegal conduct, without any distinction." Marrero v. Consorcio Dorado Manati, 552 F. Supp. 2d 157, 171 (D.P.R. 2007) (citing Rosario-Toledo v. Distribuidora Kikuet, Inc., 153 P.R. Dec. 125 (2001) ("Rosario II")).

Court of Appeals that allegedly construe Kikuet in such a way.  The first and strongest is Benavent Stoner v. Caribbean Harbor Pilots Trust Funds, KLAN201100798, 2011 WL 7145625 (P.R. Cir. Dec. 13, 2011), where the court said that because "[i]t is evident that our legal ordinance has given different treatment to [the different discriminations proscribed by Law 100," the "[s]tatements [in Kikuet] with regards to sexual harassment or discrimination are not necessarily applicable to age discrimination." Id. at 12 (certified translation provided by the parties at Docket # 10-8).  Ultimately, the court refused to extend Kikuet to the plaintiff's age discrimination claims, and held that "[s]ince the liability for discriminatory acts contained in . . . [Law] . . . [100] is limited exclusively to the figure of the employer, it cannot be imposed upon [a member of the Board of Directors] in his personal nature." Id. at 12.

In Serrano Lozada v. Labor Ready, Inc., KLAN200700844, 2007 WL 5022266 (P.R. Cir. Dec. 17, 2007), the second case pointed by the defendants, the court merely held that sexual harassment allegations against a supervisor were properly dismissed because "[t]here [was] not any fact alleged with regards to sexual harassment . . . ." Id. at 8 (certified translation provided by the parties at Docket # 10-9) (emphasis added). Contrary to Benavent Stoner, however, Serrano Lozada is a far cry from the defendants' proffered reading that Kikuet is limited to sexual harassment claims.

The legal issue at play here, it turns out, is far different from what the defendants portrays it to be. Although unidentified by the parties, there appears to be a split among the Puerto Rico Court of Appeals' panels as to whether individual liability under Law 100 is limited to sexual harassment acts. Contrary to the narrow interpretation espoused by the Benavent Stoner panel, another panel appears to have construed Kikuet as extending individual liability to the other protected classifications. See Vargas Santiago v. Alvarez Moore, KLAN200601036,

**CIVIL NO. 12-1283 (SEC)**                                                                 **Page 9**

2006 WL 3694659, at *5 (P.R. Cir. Nov. 29, 2006).[4] In fact, such a liberal construction has been adopted by most courts in this district. See Otero-Merced v. Preferred Health Inc., 680 F.Supp.2d 388, 392 n. 5 (D.P.R. 2010) (refusing to "[c]abin the Kikuet decision to only sexual harassment claims") (citing, inter alia, Vargas Santiago); Velez-Nieves v. Microsoft Caribbean, Inc., Nos. 05-1067, 05-1098, 2006 WL 1805689, at *6-10 (D.P.R. Mar. 15, 2006); Diaz-Rivera v. El Dia, Inc., No. 04-2005, 2005 WL 2333645, at *3 (D.P.R. Sept. 23, 2005). Other decisions in this district, by contrast, have been indirectly circumscribed to claims of sexual harassment. See, e.g., Martinez v. Blanco Velez Store, Inc., 393 F. Supp. 2d 108, 114 (D.P.R. 2005); Vargas v. Fuller Brush Co. of P.R., 336 F.Supp.2d 134, 143 (D.P.R. 2004).

As it happens, this very same court has mechanically applied Law 100 to individual defendants in contexts other than sexual harassment. See Marquez-Ramos v. Puerto Rico, No. 11–1547, 2012 WL 1414302, at *10 (D.P.R. Apr. 2, 2012) (religious discrimination); Reyes-Orta v. Highway and Transp. Authority, 843 F.Supp.2d 216, 219 n. 2 (D.P.R. 2012) (political discrimination); Montas v. Minnesota Min. & Mfg, No. 09-1142, 2009 WL 2486926, at * 2 (D.P.R. Aug. 10, 2009) (national origin discrimination). Moreover, given Law 100's definition of "employer," the analysis set forth in Otero-Merced, F.Supp.2d at 392 n. 5 (rejecting the defendants' narrow interpretation of Kikuet), is highly persuasive, and is in line with the Supreme Court of Puerto Rico's mandate to liberally interpret labor laws; "[t]heir liberal interpretation, in favor of those whom they intend to protect, is imperative." Hernandez v. Raytheon Serv. Co. P.R., No. 05-1937, 2006 WL 1737167, at *2 (D.P.R. Apr. 27, 2006)

---

[4] The Supreme Court of Puerto Rico will hopefully settle the divergence of opinion in the Puerto Rico Courts of Appeals, thereby dispelling any doubt on this point.

**CIVIL NO. 12-1283 (SEC)**                                                                                              **Page 10**

(construing Puerto Rico law).[5] The Court is therefore readily inclined to reject the defendants' narrow (and indeed previously rejected) interpretation of Kikuet.

Still, whether Law 100 imposes individual liability for acts other than sexual harassment appears to remain unresolved by the Supreme Court of Puerto Rico. Neither the decisions by the Puerto Rico Court of Appeals nor the jurisprudence of courts in this district bind this court one way or another. See C.I.R. v. Bosch's, 387 U.S. 456, 465 (1967) (acknowledging that intermediate state appellate decisions are not necessarily definitive pronouncements of state law binding upon the federal courts); American Elec. Power Co., Inc. v. Connecticut, 131 S.Ct. 2527, 2540 (2011) ([F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court."). And, while other courts in this district have persuasively answered such an inquiry affirmatively, e.g., Otero-Merced, F.Supp.2d at 392 n. 5, this is a question of first impression for this court.

While a court sitting in diversity must normally take a stance on this kind of issue, for it cannot simply decide that it will refrain from deciding or interpreting a state's law, cf. Ropes & Gray LLP v. Jalbert ( In Re Engage, Inc.), 544 F.3d 50, 53 (1st Cir. 2008) (finding that "even in the absence of controlling precedent, certification would be inappropriate where state law is sufficiently clear to allow us to predict its course"), in the fraudulent-joinder setting "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811;

---

[5] Law 100 defines "employer" "as any [n]atural or [juridical] person employing laborers, workers or employees, and the chief, official, manager, officer, managing partner, administrator, superintendent, foreman, overseer, agent or representative of such natural or [juridical] person." P.R. Laws Ann. tit. 29, § 151(2); Kikuet, at 6 ("[Law 100] . . . imposes liability and penalties upon the employer. Its definition[] of "employer" includes[s] its supervisors, officials, administrators, and agents . . . .") By like token, the First Circuit has said, though in broad terms and in dictum, that "Law 100 . . . permit[s] holding agents, officials, administrators, and supervisors civilly liable as 'employers' under the statute." Perez-Cordero v. Wal-Mart Puerto Rico, Inc., 656 F.3d 19, 25 n. 7 (1st Cir. 2011) (citations omitted).

**CIVIL NO. 12-1283 (SEC)**                                                                                           Page 11

see id. (finding that fraudulent joinder rulings are not governed by classic Erie principles and do not require resolution of ambiguous questions of state law); Badon v. RJR Nabisco Inc., 236 F.3d 282, 285-286 (5th Cir. 2000) (noting that fraudulent joinder "is an Erie problem in part, but only part"); see also 16 Moore's Federal Practice § 107.14[C] ("When reviewing a fraudulent joinder claim, a court has no responsibility to settle ambiguous questions of state law definitively.") (emphasis in original). This course of action, after all, comports with the First Circuit's admonition that because of the "federalism concerns at play in considering removal jurisdiction," Rossello-Gonzalez, 398 F.3d 1 at 11 (citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 11 (1983)), "[a]ny ambiguity as to the source of law relied upon . . . [the] plaintiffs ought to be resolved against removal." Id. (citation omitted); cf. Rared Manchester NH, LLC v. Rite Aid of New Hampshire, Inc., No. 11-23322012, WL 3711554, at *5 (1st Cir. Aug. 29, 2012) ("Concerns both of prudence and of comity argue convincingly that a federal court sitting in diversity must hesitate to chart a new and different course in state law.") (citation omitted) (to be published in F.3d)).

Out of prudence, then, the Court declines the parties' invitation to "definitively" resolve, at this procedural juncture, the disagreement (if any) as to the proper scope of Kikuet. The Court instead determines that, pursuant to the clear consensus among courts in this district, there is a reasonable basis for predicting that the Law 100 might impose liability against the Individual Defendants. Put another way, the defendants cannot shoulder their burden of showing that Bonilla has no reasonable basis exists to establish the Individual Defendants' liability on his Law 100 claims. Under such circumstances, there is no fraudulent joinder, and removal is inappropriate, because the lack of complete diversity divests this court of subject-matter jurisdiction.

Finally, and in an attempt to blunt the force of this conclusion, the defendants make much of the fact that, prior to filing this action, Bonilla lodged a virtually identical state-court

**CIVIL NO. 12-1283 (SEC)**                                                                 Page 12

complaint against Citi—but did not join the Individual Defendants.[6] Here, they contend, Bonilla conveniently joined the Individual Defendants for the sole purpose of destroying this court's diversity jurisdiction. This argument is unpersuasive and can be discarded out of hand. The short of it is that, as long as a plaintiff has a reasonable possibility of success against the joined defendants, his motive in joining the nondiverse party (barring, of course, outright fraud in the pleadings) is "[i]mmaterial to [the] determination regarding fraudulent joinder." Walker v. Philip Morris USA, Inc., No. 09-5318, 443 Fed. Appx. 946, 951, 2011 WL 5119441, at *4 (6th Cir. Oct. 31, 2011) (unpublished) (quoting Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907-909 (6th Cir. 1999)); Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (finding that test for fraudulent joinder eschews the personal motive of plaintiff), cert. denied, 544 U.S. 992 (2005); see also 16 Moore's Federal Practice § 107.14[2][c][iv][B].

**Conclusion**

For the reasons stated, the defendants fall short of meeting their heavy burden under the fraudulent joinder standard. Accordingly, the Court need not consider whether the complaint satisfies the statutory jurisdictional amount. There being no other basis to exercise jurisdiction, the Court lacks subject-matter jurisdiction to entertain this action, and removal is, therefore, improper. Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September, 2012.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

---

[6] There, upon removal from state court, Bonilla filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), which the court (Gelpi, J.) granted. On January 11, 2012, judgment was thus entered dismissing that action without prejudice. Civ. No. 11-2269, Docket # 10.